UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

RAY ROMERO                                          CIVIL ACTION NO. 6:09-cv-0155

VERSUS                                              JUDGE MELANÇON

SOCIAL SECURITY                                     MAGISTRATE JUDGE HANNA
ADMINISTRATION

**REPORT AND RECOMMENDATION**

Before this Court is the Commissioner's motion to dismiss Ray Romero's lawsuit, which seeks judicial review of an unfavorable decision by the Commissioner, because Mr. Romero allegedly failed to comply with the statutory time limit for filing his complaint. Considering the briefs of the parties and the applicable law, it is recommended that the motion be DENIED.

**BACKGROUND INFORMATION**

The Commissioner submitted the declaration[1] of Donald D. Ortiz, Acting Chief of Court Case Preparation and Review, Branch 4, Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration, which sets forth the procedural history of Mr. Romero's application for Social Security

---

[1] Rec. Doc. 17-2.

disability benefits. In his opposition brief,[2] Mr. Romero did not take issue with any of the information set forth in the declaration. Accordingly, the undersigned finds that:

- On May 5, 2006, Mr. Romero applied for a period of disability and disability insurance benefits under Title II as well as for supplemental security income under Title XVI on May 5, 2006.[3]

- Both applications were denied.[4]

- Mr. Romero requested a hearing, which was held on February 22, 2008.[5]

- The administrative law judge who presided over the hearing issued an unfavorable ruling on April 22, 2008.[6]

- Mr. Romero requested review of the ALJ's decision.[7]

- The Appeals Council denied Mr. Romero's request for review.[8]

---

[2]    Rec. Doc. 19.

[3]    Rec. Doc. 17-2 at 8.

[4]    Rec. Doc. 17-2 at 8.

[5]    Rec. Doc. 17-2 at 8.

[6]    Rec. Doc. 17-2 at 8-16.

[7]    Rec. Doc. 17-2 at 3.

[8]    Rec. Doc. 17-2 at 17-19.

- On November 24, 2008, the Appeals Council mailed notice of its decision to Mr. Romero.[9]

It is undisputed that Mr. Romero filed the complaint in the instant lawsuit, requesting judicial review of the Appeals Council's decision, on January 29, 2009.[10] The sole issue presented in the Commissioner's motion is whether Mr. Romero's complaint was timely.

## ANALYSIS

The Commissioner contends that the deadline for Mr. Romero to file his lawsuit was January 28, 2009, calculated by counting sixty days from November 24, 2008 (the date of the Appeals Council's notice) and adding five days for the presumptive length of time it takes the postal service to deliver the notice after mailing. Consequently, the Commissioner contends that Mr. Romero's suit should be dismissed because it was filed one day late. Mr. Romero contends, however, that his suit was timely. Alternatively, Mr. Romero argues that the deadline should be equitably tolled.

---

[9]   Rec. Doc. 17-2 at 17.

[10]  Rec. Doc. 1.

The deadline for seeking judicial review of a final decision by the Commissioner on an application for Social Security disability benefits is set forth in 42 U.S.C. § 405(g), which reads, in pertinent part, as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days ***after the mailing to him of notice*** of such decision or within such further time as the Commissioner of Social Security may allow.[11]

The Appeals Council's notice is dated November 24, 2008.[12]  The notice explains the sixty-day deadline for seeking judicial review as follows: "You have 60 days to file a civil action (ask for court review).  ...  The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."[13]

This explanation is derived from relevant federal regulations.  20 C.F.R. § 404.981 is entitled "Effect of Appeals Council's decision or denial of review[]" and states, in relevant part, that "[y]ou may file an action in a Federal district court within

---

[11]   Emphasis added.

[12]   Rec. Doc. 17-2 at 17.

[13]   Rec. Doc. 17-2 at 18.

60 days after the date you receive notice of the Appeals Council's action." 20 C.F.R. § 422.210(c) states:

> Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, ***the date of receipt of notice*** of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council ***shall be presumed to be 5 days after the date of such notice***, unless there is a reasonable showing to the contrary.

Applying these regulations, the Commissioner argues that, because the Appeal Council's notice to Mr. Romero was dated November 24, 2008, Mr. Romero is presumed to have received the notice five days later, on November 29, 2008, and further argues that Mr. Romero consequently had to file his complaint not later than January 28, 2009 in order for it to be timely.

However, Mr. Romero furnished an affidavit,[14] in which he stated that he did not receive the notice until December 1, 2008. Mr. Romero explains the delay in receiving the notice as likely caused by the Thanksgiving postal holiday. In 2008, Thanksgiving fell on November 27, just three days after the date of the notice. Mr.

---

[14] Rec. Doc. 19-1.

Romero filed this suit on January 29, 2009, which was 59 days after he claims to have received the notice on December 1, 2008, and within the sixty-day deadline.

From the outset, the Court disagrees with the Commissioner's computation of time. Prior to December 1, 2009, Fed. R. Civ. P. 6(a)(2) provided that, in computing any period of time that was less than 11 days, "any intermediate Saturdays, Sunday, and legal holidays" were to be excluded. Under this method of computation, the five day period that was to run from the date of the notice would not include Thanksgiving Day as it is a legal holiday. Fed. R. Civ. P. 6(a)(6). Therefore, the five day period in which it was presumed notice was received would expire, at the earliest, on Monday, December 1, and under this scenario, the suit was timely.[15]

Alternatively, even if the Commissioner's computation of time is correct, the date of receipt is a rebuttable presumption. The undersigned finds that Mr. Romero has rebutted the presumption by making a reasonable showing that he received the Appeal Council's notice on December 1, 2008 rather than on November 29, 2008. Mr. Romero's affidavit affirmatively sets forth that he received the notice on the Monday following Thanksgiving and understood it to mean that he had sixty days from that date to file suit. It is reasonable to conclude that he received it that day since Thanksgiving is a legal holiday on which mail is not delivered. The Fifth

---

[15] *Graves v. Astrue*, 2009 WL 5174655, 2-3, (E.D. La. 2009)

Circuit has previously excluded a postal holiday from the five day time period.[16] The presumption having been rebutted, the Court finds the suit is timely.

The Commissioner argues that Mr. Romero's failure to show good cause for his failure to timely file his complaint deprives this Court of subject matter jurisdiction over Mr. Romero's complaint. While that may be the case in certain distinguishable circumstances,[17] it is not the case here and the Commissioner cites no Fifth Circuit jurisprudence in support of this argument. Rather, the Supreme Court and Fifth Circuit have expressly held the sixty-day deadline established in Section 405(g) is considered to be a statute of limitations rather than a jurisdictional bar.[18] Therefore, even if the suit was not timely filed, the Court could nonetheless address the case on the merits if the time period was equitably tolled as Mr. Romero alternatively and persuasively argues.

Equitable tolling is available "[i]n rare cases... when the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is

---

[16] *Flores v. Sullivan,* 945 F.2d 109, 110, n.1 (5th Cir. 1991).

[17] See e.g. *McKinley v. Astrue,* 2010 WL 2836140 (E.D. La. 2010).

[18] *Flores v. Sullivan*, 945 F.2d at 113, citing *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976).

inappropriate."[19] In this case, Mr. Romero was not represented by legal counsel at the time he received the Appeals Council's notice or at the time that he filed his complaint. The procedural history of this matter demonstrates that Mr. Romero previously met several administrative deadlines. He interpreted the notice's caution regarding the deadline for seeking judicial review in a reasonable manner. If he missed the deadline, he missed it by only a single day which results in no credible complaint of prejudice to the Commissioner. Conversely, if the Commissioner's position is accepted and the one day delay operates as a bar to Mr. Romero's lawsuit, it would have the effect of forever precluding him from seeking judicial review of the Commissioner's adverse decision. The undersigned finds that, under these circumstances, Mr. Romero should not be deprived of the opportunity to have this Court review the Commissioner's decision denying his application for disability benefits. Therefore, the undersigned alternatively finds that, even if Mr. Romero's complaint was filed one day late, the filing deadline should be equitably tolled to permit his lawsuit to move forward.

For these reasons, the undersigned recommends that the Commissioner's motion to dismiss Mr. Romero's lawsuit should be denied.

---

[19] *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (internal citations omitted). See, also, *Mathews v. Eldridge*, 424 U.S. at 330.

## CONCLUSION

The Appeals Council mailed a notice to Mr. Romero on November 24, 2008, advising him of the Commissioner's final decision denying his application for Social Security disability benefits. Mr. Romero filed a complaint in this Court, seeking judicial review of the adverse ruling, on January 29, 2009. The undersigned alternatively finds that either (1) the suit was timely, or (2) the deadline should be equitably tolled by one day. Therefore, the undersigned recommends that the Commissioner's motion to dismiss should be denied and the Commissioner should be instructed to answer Mr. Romero's complaint.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) of the Federal Rules of Civil Procedure, parties aggrieved by this recommendation have fourteen days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after receipt of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of receipt, or within the time frame authorized by Fed. R. Civ. P. 6(b) shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plan error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 20th day of June 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)